Appeal by the People, as limited by their brief and a letter dated October 1, 2008, from so much of an order of the County Court, Suffolk County (Boyle, J.), dated November 9, 2006, as, upon an application by the defendant for an in camera inspection of the minutes of the grand jury proceedings, dismissed counts one and two of the indictment as legally insufficient. .
Ordered that the order is reversed insofar as appealed from, on the law, counts one and two of the indictment are reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.
In January 2006 the defendant allegedly engaged in sexually explicit textual internet communications with an undercover *575 police officer posing as a 14-year-old girl. The defendant was indicted for attempted dissemination of indecent materials to a minor in the first degree (counts one and two) (see Penal Law §§ 110.00, 235.22), attempted criminal sexual act in the second degree (count three) (see Penal Law §§ 110.00, 130.45), conspiracy in the fifth degree (count four) (see Penal Law § 105.05) and attempted patronizing a prostitute in the third degree (count five) (see Penal Law §§ 110.10, 230.04).
Following the grand jury proceedings, the defendant made an application to the Supreme Court for an in camera inspection of the minutes of the grand jury proceedings. Upon a review of those minutes, the Supreme Court dismissed the indictment based upon, inter alia, this Court’s decision in People v Kozlow (31 AD3d 788 [2006]). However, the Court of Appeals subsequently reversed this Court and held that the word “depict” as used in former Penal Law § 235.22 (1) was broad enough in meaning to cover a wide range of indecent materials, not merely visual or pictorial representations (see People v Kozlow, 8 NY3d 554, 560 [2007]). Thus, as the defendant correctly concedes, counts one and two of the indictment, charging him with attempted dissemination of indecent materials to a minor in the first degree, should be reinstated. Skelos, J.P, Angiolillo, Balkin and Chambers, JJ., concur.